**ANTONIA M. APPS**
**REGIONAL DIRECTOR**
**Tejal D. Shah**
**Sandeep Satwalekar**
**Paul G. Gizzi**
**Zheng (Jane) He**
**Attorneys for Plaintiff**
**SECURITIES AND EXCHANGE COMMISSION**
**New York Regional Office**
**100 Pearl Street, Suite 20-100**
**New York, New York 10004-2616**
**(212) 336-0077 (Gizzi)**
**GizziP@sec.gov**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>                              **Plaintiff,**<br><br>          **-against-**<br><br>**VISTA FINANCIAL ADVISORS LLC and RUBEN CEDRICK WILLIAMS,**<br><br>                              **Defendants.** | **COMPLAINT**<br><br>**23 Civ. _____ (     )**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Securities and Exchange Commission ("Commission"), for its Complaint against Defendants Vista Financial Advisors LLC ("Vista") and Ruben Cedrick Williams ("Williams") (collectively, "Defendants"), alleges as follows:

## SUMMARY

1.      This case concerns material misrepresentations made by Vista, an investment adviser registered with the Commission, and Williams in Vista's Form ADV filings regarding Vista's regulatory assets under management ("RAUM") and owners.

2.     Specifically, while Defendants represented in Vista's Form ADV filed on April 14, 2022 (the "2022 Form ADV") that Vista had $10 billion in RAUM, they subsequently failed to provide the Commission with evidence to corroborate this statement.  Defendants have ignored repeated requests from the Commission staff to substantiate, correct, and/or withdraw the statement regarding Vista's RAUM.  To the extent that Vista had any RAUM, such assets did not remotely approach the $10 billion in RAUM represented in the Form ADV.

3.     Moreover, rather than undertaking any corrective measures in response to the Commission's inquiries, on April 5, 2023, Defendants compounded the misrepresentation by filing an updated Form ADV (the "2023 Form ADV") in which Defendants represented that Vista's RAUM had grown to nearly $11.5 trillion.  To the extent that Vista had any RAUM, such assets did not remotely approach the $11.5 trillion stated in the 2023 Form ADV.

4.     Additionally, based on records produced by Vista, the 2022 Form ADV failed to disclose the identity of one of Vista's owners, Individual B, and misstated how Vista's ownership interest was divided up among its remaining owners.

5.     Williams, who is Vista's co-owner, Chief Executive Officer ("CEO"), and Chief Compliance Officer ("CCO") signed and certified both the 2022 and 2023 Form ADV filings.

6.     Because Vista does not manage at least $25 million in RAUM, it has also failed to meet the requirements for registering as an investment adviser with the Commission.

## VIOLATIONS

7.     By virtue of the foregoing conduct and as alleged further herein, Vista has violated Sections 203A and 207 of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-3a and 80b-7], and Williams has violated Advisers Act Section 207 [15 U.S.C. § 80b-7] and aided and abetted Vista's violations of Advisers Act Section 203A [15 U.S.C.

§ 80b-3a].

8.      Unless Defendants are restrained and enjoined, they will engage in the acts, practices, transactions, and courses of business set forth in this Complaint or in acts, practices, transactions, and courses of business of similar type and object.

## NATURE OF THE PROCEEDINGS AND RELIEF SOUGHT

9.      The Commission brings this action pursuant to the authority conferred upon it by Advisers Act Sections 209(d) and 209(e) [15 U.S.C. §§ 80b-9(d) and 80b-9(e)].

10.     The Commission seeks a final judgment: (a) permanently enjoining Defendants from violating the federal securities laws and rules this Complaint alleges they have violated; (b) ordering Defendants to pay civil money penalties pursuant to Advisers Act Section 209(e) [15 U.S.C. § 80b-9(e)]; and (c) ordering any other and further relief the Court may deem just and proper.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over this action pursuant to Advisers Act Section 214 [15 U.S.C. § 80b-14].

12.     Defendants, directly and indirectly, made use of the means or instrumentalities of interstate commerce or of the mails in connection with the transactions, acts, practices, and courses of business alleged herein.

13.     Venue is proper in the Southern District of New York pursuant to Advisers Act Section 214 [15 U.S.C. § 80b-14].  Defendants may be found in, are inhabitants of, or transact business in the Southern District of New York, and certain of the acts, practices, transactions, and courses of business alleged in this Complaint occurred within this District.  Among other things, Vista lists its principal offices and places of business as being located in this District.

**DEFENDANTS**

14.     **Vista (aka Vista Financial Advisors, LLC; Shya, LLC; and ELG Adventure Capital, LLC)** is a Delaware limited liability company with its principal place of business in New York, New York.  Vista has been registered as an investment adviser with the Commission since December 13, 2021.  Vista has identified only two officers and/or employees on its Form ADV filings: Williams, and Individual A, who serves as its Chief Operations Officer ("COO").  Vista's 2023 Form ADV states that it is currently co-owned by Williams and Individual A.

15.     **Williams**, age 30, is a resident of Tennessee.  He is a co-owner of Vista and has served as both its CEO and CCO since May 2021.  Williams obtained his Series 65 license in September 2021 and is an investment adviser representative with Vista.  He has no prior work experience in the securities industry.

**OTHER RELEVANT ENTITIES AND INDIVIDUALS**

16.     **Individual A**, age 60, is a Maryland resident who is a co-owner of Vista and serves as its COO.

17.     **Individual B**, age 57, is a Florida resident who was an undisclosed co-owner of Vista from at least December 27, 2021 through June 21, 2022.  Additionally, Individual B owns and/or controls certain affiliates of Vista, including Foreign Trust A.

18.     **Individual C**, age 79, is a New York resident who was a minority owner of Vista through at least June 21, 2022.

19.     **Foreign Trust A** is purportedly a Swedish trust that operates in the United States.  Individual B serves as its Managing Partner and Chairman.  As of at least June 2022, Foreign Trust A was purportedly Vista's sole investment advisory client.

## FACTS

### I.  BACKGROUND ON THE COMMISSION'S FORMS ADV

20.  Vista became registered with the Commission effective as of December 13, 2021.

21.  The Commission regulates investment advisers, primarily under the Advisers Act and the rules adopted under that statute.  One of the central elements of the regulatory program is the requirement that a person or firm meeting the definition of "investment adviser" under the Advisers Act register with the Commission, unless exempt or prohibited from registration. Generally, only larger advisers that have $25 million or more of regulatory assets under management, or RAUM, or that provide advice to investment company clients are permitted to register with the Commission pursuant to Advisers Act Section 203A.  Smaller advisers register under state law with state securities authorities.

22.  Form ADV is the form used by investment advisers to register with both the Commission and state securities authorities.  It consists of two parts, both of which are required to be filed with the Commission, and both of which are publicly available once filed with the Commission: Form ADV Part 1 and Form ADV Part 2.

23.  Form ADV Part 1 requires the investment adviser to disclose, among other things, information about its business, amount of assets under management, ownership, clients, employees, business practices, and financial industry affiliations, and information about any disciplinary events of the adviser or its employees.  Form ADV Part 2 requires a "brochure" to be directly disseminated to prospective investors (*i.e.*, disclosure statements) written in plain English.  It provides prospective investors additional information about the advisory firm, such as the types of advisory services offered, the adviser's fee schedule, disciplinary information, conflicts of interest, and the educational and business background of management and key

advisory personnel of the adviser. The Commission reviews information in parts of the form to manage its regulatory and examination programs.

## II. DEFENDANTS MADE MATERIAL MISREPRESENTATIONS IN TWO FORMS ADV FILED WITH THE COMMISSION AND VISTA WAS NOT ELIGIBLE TO REGISTER WITH THE COMMISSION

24.     As discussed in further detail below, Vista and Williams made misrepresentations regarding Vista's RAUM and owners in its 2022 and 2023 Form ADV filings.

25.     In addition, Vista failed to meet the $25 million RAUM threshold required for Vista to be eligible to register with the Commission.

### A.     *Vista Misrepresented its RAUM in the 2022 Form ADV*

26.     On April 14, 2022, Vista filed the 2022 Form ADV, which was signed and certified by Williams.

27.     Like in its initial Form ADV, Vista listed as its principal office and place of business an address in Bronx, New York.

28.     The 2022 Form ADV represented that the amount of Vista's RAUM was $10 billion.

29.     In addition, the 2022 Form ADV represented that Vista's RAUM was held in one non-discretionary account.

30.     In June 2022, the Division of Examinations ("EXAMS") of the Commission began conducting an examination of Vista as a part of EXAMS' engagement with newly registered investment advisers.

31.     During the examination, Vista represented that its RAUM had grown to more than $180 billion.

32.     Vista also identified Foreign Trust A as its sole client.

33.     According to Vista's January 1, 2022 firm brochure pursuant to Form ADV Part

2, "Vista Financial [Advisors LLC] provides advisory services solely to [Foreign Trust A's]

customers (as provided for in the client agreement)."

34.     In response to the EXAMS team's initial set of written requests dated June 7,

2022, which among other things, requested information concerning Vista's clients and the

accounts in which client assets are held, Defendants produced a spreadsheet listing Vista's

purported client assets (the "Spreadsheet").

35.     Shortly afterwards, Defendants ceased cooperating with the Commission's

EXAMS team.

36.     To date, Defendants have failed to respond to follow-up requests for information

from the Commission's EXAMS team relating to the assets listed in the Spreadsheet.

### B.     Defendants Failed to Respond to Additional Requests for Evidence Supporting Vista's Claimed RAUM

37.     Given Vista's failure to respond, on September 14, 2022, the Commission issued

a letter notifying Vista that EXAMS staff had completed the examination and had identified

certain deficiencies and/or weaknesses.

38.     Among other things, EXAMS staff provided the following information to Vista:

(i) under Advisers Act Section 203A [15 U.S.C. § 80b-3a], it appeared that Vista was not eligible

to be registered with the Commission, since it does not appear to manage $25 million or more in

RAUM, and informing Vista that it should file a Form ADV-W withdrawing its registration; and

(ii) that Vista's Form ADV appeared to include untrue statements regarding its RAUM and

owners in violation of Advisers Act Section 207 [15 U.S.C. § 80b-7].

39.     On November 4, 2022 and November 16, 2022, Vista submitted two responses to

the deficiency letter.

40.     Both letters were signed by Williams.

41.     The letters represented that Vista was in the process of transferring certain client assets to new custodians.

42.     The letters also represented that, once the transfers had settled, Vista would provide bank and brokerage statements showing its claimed RAUM.

43.     Vista never provided such documentation.

44.     In February 2023, staff for the Commission's Division of Enforcement served investigative subpoenas on the Defendants.

45.     The Commission's investigative subpoenas sought investigative testimony and documents regarding Vista's claimed RAUM, its clients, and its ownership structure.

46.     On February 22, 2023, Williams requested an adjournment of the response dates for the subpoenas.

47.     Williams represented that Vista and its principals were in the process of retaining counsel.

48.     The Commission agreed to the requested adjournment.

49.     The Commission subsequently granted multiple additional adjournments of the subpoenas.

50.     The Commission set a final deadline of May 18, 2023 for Defendants to respond to the subpoenas and to appear for testimony.

51.     Defendants failed to appear for investigative testimony on May 18, 2023.

52.     In July 2023, staff for the Commission's Division of Enforcement served additional investigative subpoenas on the Defendants seeking the production of documents.

53.     Vista has not produced any documents in response to the aforementioned Commission investigative subpoenas.

**C.** *Vista Made Further Misrepresentations Regarding Its RAUM in the 2023 Form ADV*

54.     On April 5, 2023, after Defendants were well aware of the fact that they were under investigation, Vista filed an updated Form ADV.

55.     The 2023 Form ADV indicated that Vista's principal office and place of business had moved to a Manhattan address.

56.     The address appears to be a virtual office.

57.     The 2023 Form ADV claimed Vista has 32 clients.

58.     The 2023 Form ADV represented that Vista's RAUM had grown to nearly $11.5 trillion.

59.     The 2023 Form ADV removed Individual C as an owner.

60.     The 2023 Form ADV represented that Vista's ownership was divided as follows: (i) Williams – between 25-50%; and (ii) Individual A – between 50-75%.

61.     Additionally, Vista's firm brochure (dated December 31, 2022 but filed with the 2023 Form ADV) removed all references to Foreign Trust A.

62.     Williams signed and certified the 2023 Form ADV.

**D.** *Vista's Assets Under Management Do Not Remotely Approach the $10 Billion or $11.5 Trillion Represented in Its 2022 and 2023 Form ADV Filings*

63.     Vista did not manage assets remotely approaching the $10 billion in RAUM stated in the 2022 Form ADV.

64.     Similarly, Vista did not have assets under management remotely approaching the $11.5 trillion in RAUM represented in the 2023 Form ADV.

65.     In fact, Vista has failed to produce documents evidencing any legitimate assets under management.

66.     To date, Defendants have failed to produce any documents in response to the Commission's investigative subpoenas seeking the production of documents or information relating to Vista's assets under management, including those listed in the Spreadsheet, or their valuations.

67.     Accordingly, Defendants have failed to provide any evidence supporting the claimed RAUM in the 2022 Form ADV or the 2023 Form ADV.

68.     For example, the Spreadsheet that Vista provided to the EXAMS team listed that its client assets included a bank account that purportedly had a balance of over €140 billion.

69.     Bank records evidence that, in fact, the bank account has never maintained a balance of more than $3,500 since it was opened in April 2021.

70.     Other assets Vista had listed on the Spreadsheet included debt instruments, including approximately $42 billion in U.S. Treasury Bonds from a single issuance.

71.     The Spreadsheet also listed six medium-term notes (the "Notes") issued by Corporation A, which purportedly had market values totaling $3 billion.

72.     Based on its review of brokerage and bank records, the Commission has found no evidence that Vista managed any Treasury Bonds, let alone bonds valued in the tens of billions of dollars.

73.     Corporation A failed to respond to a Commission investigative subpoena seeking information regarding the Notes.

74.     Moreover, in October 2022, Corporation A filed a Notice of Exempt Offering of Securities on Form D with the Commission that represented it had no revenue.

75.     Reasonable investors would have considered it important in making their decision to invest with Vista to know that its RAUM did not remotely approach the RAUM that it listed in

its 2022 and 2023 Forms ADV.

        **E.**        ***Vista Attempted to Use its Registration Status to Obtain Access to a Margin Account at a Brokerage Firm***

      76.      In March 2022, Defendants attempted to deposit one of the Notes issued by Corporation A, with a purported face value of $500 million, as collateral for a margin account opened by Vista at Brokerage Firm A.

      77.      In an apparent attempt to lend their efforts legitimacy, Defendants cited Vista's registration with the Commission.

      78.      Defendants' efforts were unsuccessful.

      79.      Brokerage Firm A refused to accept the deposit.

        **F.**        ***Vista Misrepresented Its Ownership Structure in the 2022 Form ADV***

      80.      In its 2022 Form ADV, Vista represented that its ownership was divided as follows: (i) Williams – between 25-50%; (ii) Individual A – between 50-75%; and (iii) Individual C – between 5-10%.

      81.      However, Vista produced documents during the examination showing that, as of at least January 1, 2022, its ownership interest was actually divided as follows: (i) Individual A – 27%; (ii) Williams – 44%; (iii) Individual B – 24%; and (iv) Individual C – 5%.

      82.      In sum, the 2022 Form ADV (i) misrepresented Individual A's ownership interest and (ii) failed to disclose Individual B's ownership interest.

      83.      Individual B owns and/or controls Foreign Trust A.

      84.      Defendants identified Foreign Trust A as Vista's sole client during the 2022 examination.

      85.      Individual B also owns and/or controls an entity that Defendants described as Vista's holding company.

86.     Additionally, in August 2021 and January 2022, Individual B filed petitions for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Southern District of Florida.

87.     Both petitions were dismissed due to Individual B's failure to file required supporting schedules and information.

88.     Numerous foreclosure, tax, debt collection, and other legal proceedings have also been filed against Individual B.

89.     Given the above facts, reasonable investors would have considered it important in making their decision to invest with Vista to know its true owners and ownership structure.

**FIRST CLAIM FOR RELIEF**
**Violations of Advisers Act Section 207**
**(Both Defendants)**

90.     The Commission re-alleges and incorporates by reference here the allegations in paragraphs 1 through 89.

91.     Vista and Williams, by use of the mails, and the means and instrumentality of interstate commerce, directly and indirectly, willfully made untrue statements of material fact in, and omitted to state material facts required to be stated in, reports filed with the Commission.

92.     By reason of the foregoing, Vista and Williams, directly or indirectly, singly or in concert, have violated and, unless enjoined, will again violate Advisers Act Section 207 [15 U.S.C. § 80b-7.]

**SECOND CLAIM FOR RELIEF**
**Violations of Advisers Act Sections 203A**
**(Vista)**

93.     The Commission re-alleges and incorporates by reference here the allegations in paragraphs 1 through 89.

94.     Vista registered with the Commission as an investment adviser under Advisers Act Section 203 [15 U.S.C. § 80b-3] even though it was prohibited from doing so because Vista was regulated or required to be regulated in the state in which it has its principal place of business and did not fall within any other exemption from this prohibition.

95.     By reason of the foregoing, Vista violated and, unless enjoined, will again violate Advisers Act Section 203A [15 U.S.C. § 80b-3a].

### THIRD CLAIM FOR RELIEF
### Aiding and Abetting Violations of Advisers Act Section 203A
### (Williams)

96.     The Commission re-alleges and incorporates by reference here the allegations in paragraphs 1 through 89.

97.     As alleged above, Vista violated Advisers Act Section 203A [15 U.S.C. § 80b-3a].

98.     Williams knowingly or recklessly provided substantial assistance to Vista with respect to its violations of Advisers Act Section 203A [15 U.S.C. § 80b-3a].

99.     By reason of the foregoing, Williams is liable pursuant to Advisers Act Section 209(d) [15 U.S.C. § 80b-9(d)] for aiding and abetting Vista's violations of Advisers Act Section 203A [15 U.S.C. § 80b-3a], and, unless enjoined, Williams will again aid and abet these violations.

### PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that the Court enter a Final Judgment:

### I.

Permanently enjoining Vista and its agents, servants, employees and attorneys and all

persons in active concert or participation with any of them from violating, directly or indirectly, Advisers Act Sections 203A and 207 [15 U.S.C. §§ 80b-3a and 80b-7];

## II.

Permanently enjoining Williams and his agents, servants, employees and attorneys and all persons in active concert or participation with any of them from violating, directly or indirectly, Advisers Act Sections 203A and 207 of the Advisers Act [15 U.S.C. §§ 80b-3a and 80b-7];

## III.

Ordering Defendants to pay civil monetary penalties under Advisers Act Section 209(e) [15 U.S.C. § 80b-9(e)]; and

**IV.**

Granting any other and further relief this Court may deem just and proper.

**JURY DEMAND**

The Commission demands a trial by jury.

Dated: New York, New York
       September 25, 2023

/s/ Antonia M. Apps
ANTONIA M. APPS
REGIONAL DIRECTOR
Tejal D. Shah
Sandeep Satwalekar
Paul G. Gizzi
Zheng (Jane) He
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004-2616
(212) 336-0077 (Gizzi)
GizziP@sec.gov