USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/7/24

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
SECURITIES & EXCHANGE COMMISSION,

                    Plaintiff,

       - against -

VISTA FINANCIAL ADVISORS LLC and RUBEN
CEDRICK WILLIAMS,

                    Defendants.
```

**23 Civ. 8432 (VM)**

**ORDER**

**VICTOR MARRERO, United States District Judge.**

    Plaintiff Securities and Exchange Commission (the "SEC") filed this lawsuit on September 25, 2023 against defendants Vista Financial Advisors LLC ("Vista Financial") and Ruben Cedrick Williams ("Williams" or, together with Vista Financial, "Defendants"), alleging that Defendants violated the Investment Advisers Act of 1940. (See Compl., Dkt. No. 1.) The SEC alleges that Williams is co-owner and chief executive of Vista Financial. (See Compl. ¶ 5.) Williams signed waivers of service on behalf of himself and Vista Financial (see Dkt. Nos. 9-10), and the deadline to respond to the Complaint has since then been extended several times with the SEC's consent, most recently to April 26, 2024 (see Dkt. Nos. 11-15). No attorney has appeared in this action on behalf of Williams, nor has a lawyer appeared on behalf of Vista Financial.

1

Now before the Court is the SEC's letter request, dated April 26, 2024, for approval of a proposed partial consent judgment. (See Dkt. No. 16.) The SEC advises that it has reached a partial settlement with Defendants "that would resolve the non-monetary relief that the Commission seeks in this case but leave open for later resolution by motion (or further settlement) the monetary relief sought." (Id.) The proposed consent judgment would, among other things, "permanently enjoin Defendants from committing violations of the federal securities laws that the SEC has charged them with violating." (Id.)

The Court must deny the SEC's request. The proposed consent judgment would incorporate a statement by Vista Financial that it "enters a general appearance" and "admits the Court's jurisdiction over [it] and over the subject matter of this action." (See Dkt. No. 16-1 at 3; Dkt. No. 16-2 at 1.) The Second Circuit, however, has made clear that a limited liability company such as Vista Financial "may appear in federal court only through a licensed attorney," even if the limited liability company has only one member or is solely owned by one person. Lattanzio v. COMTA, 481 F.3d 137, 140 (2d Cir. 2007) (per curiam). This rule has resulted in the denial of SEC motions for consent judgments under circumstances similar to those present in this case. See SEC

2

v. Terminus Energy, Inc., No. 17 Civ. 1117, 2019 WL 1570599, at *2-3 (S.D.N.Y. Apr. 11, 2019). Such denials were appropriate even though the "failure to appear through counsel would simply (in all likelihood) subject [the defendant entity] to 'a default judgment virtually identical to the consent judgment currently sought by the parties.'" Id., at *2 (quoting N.Y. State Teamsters Conf. Pension & Ret. Fund v. Comac Builders Supply Corp., No. 06 Civ. 208, 2008 WL 150515, at *1 n.1 (N.D.N.Y. Jan. 14, 2008)); see also id., at *3 ("Concededly, there may be some loss of efficiency in requiring [the entity] to obtain counsel. But courts have rejected similar efficiency rationales as insufficient to overcome the rule against pro se corporate appearances.").

The SEC's request is thus denied without prejudice. The SEC is free to proceed by (1) seeking approval of a proposed consent judgment as to Williams only, and/or (2) moving for a default judgment against Vista Financial. The SEC is further **ORDERED** to serve copies of this Order upon both Williams and Vista Financial and to file certificates of service on the docket.

**SO ORDERED.**

Dated:   7 May 2024
         New York, New York

_____
Victor Marrero
U.S.D.J.